**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:18-CR-00013-MAC** |
| **v.** § | |
| § | |
| § | |
| § | |
| **RONALD WALKER** § | |
| § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed October 31, 2018, alleging that the Defendant, Ronald Walker, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Ronald Walker was sentenced on July 11, 2005, before The Honorable Dee D. Drell, of the Western District of Louisiana, after pleading guilty to the offense of assault on federal property, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. Ronald Walker was subsequently sentenced to 94 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare, anger management,

financial disclosure, and the Defendant shall not possess a firearm or other dangerous weapon and a $100 special assessment.

## II. The Period of Supervision

On November 23, 2015, Ronald Walker completed his period of imprisonment and began service of the supervision term. On February 21, 2018, jurisdiction of the Defendant's case was transferred to the Eastern District of Texas and assigned to U.S. District Judge Marcia A. Crone.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising two allegations. The petition alleges that Ronald Walker violated the following conditions of release:

> Allegation 1. The Defendant shall not commit another federal, state, or local crime.
>
> Allegation 2. The Defendant shall not possess a firearm, destructive device, or any other dangerous weapon, as defined in 18 U.S.C. § 3563(b)(8).

## IV. Proceedings

On November 28, 2018, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the first allegation that claimed he committed another crime in violation of his supervised release. In return, the parties agreed that he should serve a term of 24 months' imprisonment, with no supervised release to follow, to run concurrently with a revocation term

of 24 months' imprisonment in case 1:02-CR-4 and a revocation term of 24 months' imprisonment in case 1:14-CR-41. Further, these three revocation terms (totaling 24 months' imprisonment) shall run consecutively to the sentence of 63 months' imprisonment imposed in case 1:18-CR-15.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by committing another crime, the Defendant will be guilty of committing a Grade A violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade A violation, the court may (A) revoke probation or supervised

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade A violation and a criminal history category of VI, the policy statement imprisonment range is 33 to 41 months.  However, the statutory maximum upon revocation is two years.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.  The Defendant's agreed upon revocation sentence shall run consecutively to the 63 months' imprisonment he is serving in case number 1:18-CR-15.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

      6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release by committing another crime. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade A violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 33 to 41 months. However, the maximum imprisonment range for this case is 2 years. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 24 months, with no term of supervised release to follow, to run concurrently with a revocation term of 24 months' imprisonment in case 1:02-CR-4 and a revocation term of 24 months' imprisonment in case 1:14-CR-41. Further, these three revocation terms (totaling 24 months' imprisonment) shall run consecutively to the sentence of 63 months' imprisonment imposed in case 1:18-CR-15.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a mandatory condition of release by committing another crime. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 24 months' imprisonment, with no term of supervised release to follow, to run concurrently with a revocation term of 24 months' imprisonment in case 1:02-CR-4 and a revocation term of 24 months' imprisonment in case 1:14-CR-41. Further, these three revocation terms (totaling 24 months' imprisonment) shall run consecutively to the sentence of 63 months' imprisonment imposed in case 1:18-CR-15. The Defendant requested to serve his prison term at the Federal Correctional Institution in El Reno, Oklahoma. The Defendant's request should be accommodated, if possible.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 29th day of November, 2018.

_____
Zack Hawthorn
United States Magistrate Judge